# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOMMY S. MARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>    Defendant. | No. CV-12-0538-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ENTERING JUDGMENT, AND CLOSING FILE** |

Before the Court, without oral argument, is Defendant State of Washington's Motion to Dismiss, ECF No. 4, filed on October 4, 2012. For the reasons set forth below, the motion to dismiss is granted. Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and in the alternative, failed to respond or comply with LR 7.1(e), despite clear warnings by the Court.

## BACKGROUND

On September 7, 2012, Plaintiff Tommy S. Marks filed a *pro se* complaint in the Superior Court of Washington, County of Spokane. Notice of Removal, ECF No. 1. On September 20, 2012 the above-captioned matter was removed to the Eastern District of Washington by Defendant. *Id.* at 1. The following day, the case was reassigned to this Court. ECF No. 3.

Plaintiff alleges that Defendant violated his civil rights through its city, county, and state law enforcement agencies. Complaint, ECF No. 1 at 6-7. Beginning in 1991, Plaintiff alleges harassment due to his American Gypsy culture. *Id.* In addition Plaintiff stated claims for assault, battery, slander, libel,

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ENTERING JUDGMENT, AND CLOSING FILE** \* 1

reckless endangerment, harassment, intimidation, negligence, gross negligence, abuse of authority, child abuse, interference with parental and custodial authority, reckless infliction of emotional distress, tortious conduct, and outrageous conduct. *Id.* at 7.

On October 4, 2012 Defendant filed a motion to dismiss for failure to state a claim and supporting documentation. ECF Nos. 4-8. Upon Defendant's request, the Court provided *pro se* warnings to Plaintiff, which advised him of the relevant court requirements and local rules affecting disposition of this case. *See* Order Advising Plaintiff of Court Requirements and Setting Briefing Schedule, ECF No. 9. The Court also directed the Clerk's office to provide Plaintiff with the Notice to *Pro Se* Litigants of the Dismissal and/or Summary Judgment Rule Requirements, ECF No. 10. Despite these warnings, Plaintiff did not respond to the instant motion.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ENTERING JUDGMENT, AND CLOSING FILE** \* 2

allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003). Although the Court construes *pro se* pleadings liberally, a complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Eldrigde v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1982).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendant argues that Plaintiff fails to state a claim upon which relief can be granted under Rule 12(b)(6). The Court agrees. Plaintiff fails to articulate any legal basis or allege any facts establishing how the State of Washington committed a tortious act under federal or state law or otherwise violated any of Plaintiff's rights. Plaintiff has asserted only conclusory allegations of harassment. *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (noting conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983). For example, the only facts asserted by Plaintiff are that state and local law enforcement harassed him by "cons[ta]ntly pulling me over and

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ENTERING JUDGMENT, AND CLOSING FILE** * 3

sending me tickets in the mail . . ." As such, Plaintiff fails to state a claim against Defendant upon which relief may be granted.

Defendant also contends that Plaintiff's various state law claims must be dismissed because he failed to file a statutory tort claim with the State of Washington prior to commencing this action. Under Washington law, "[n]o action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state . . . for damages arising out of tortious conduct until . . . the claim is presented to the risk management division. Wash. Rev. Code 4.92.110; *Jones v. Univ. of Washington*, 62 Wn. App. 653, 660 (1991). Defendant proffers the Declaration of John Scott Blonien, which states that Plaintiff has not filed a tort claim with the state Office of Financial Management. Blonien Decl., ECF No. 8. In addition to this deficiency, Plaintiff has not provided any plausibly plead facts suggesting that Defendant is liable for the misconduct alleged. Thus, Plaintiff's state law claims are dismissed as well.

Moreover, Defendant State of Washington enjoys sovereign immunity from a suit for damages in this Court. *See Kimel v. Florida Board of Regents,* 528 U.S. 62, 73 (2000) (absent consent, the Eleventh Amendment bars suits for damages against a state); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65–71 (1989) (Eleventh Amendment bars suits brought under 42 U.S.C. § 1983 against states and state officials acting in their official capacity);

Finally, the Court dismisses the complaint in its entirety because Plaintiff failed to comply with Local Rule 7.1(e)[1]. The "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). Despite two separate warnings by the Court, the Plaintiff has failed to file a response to the motion to dismiss, and therefore, is deemed to consent to the

---

[1] Under LR 7.1(e), "[a] failure to timely file a memorandum . . . in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file . . . to the entry of an Order adverse to the party in default."

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ENTERING JUDGMENT, AND CLOSING FILE** \* 4

q:\rhw\acivil\2012\marks\order_grant_ mtd.docx

granting of the motion. See ECF Nos. 9-10. Accordingly, the Court grants the motion to dismiss on this alternative ground.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is granted without leave to amend. Typically the Court would grant Plaintiff leave to remedy these pleading deficiencies. *See* Fed. R. Civ. P. 15(a) (specifying that, when justice requires, leave to amend is be freely given). However, because Plaintiff failed to respond to Defendant's dismissal motion, and is considered to have agreed to this lawsuit's dismissal, the Court declines to grant leave to amend as a matter of judicial economy.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 4, is **GRANTED**.

2. **Judgment** is to be entered in Defendant's favor, without prejudice.

3. All pending hearings and deadlines are **STRICKEN**.

4. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 9th day of January, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ENTERING JUDGMENT, AND CLOSING FILE \* 5**

q:\rhw\acivil\2012\marks\order_grant_ mtd.docx